UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KANG LU, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:25-cv-30014-KAR |
| | ) |
| ANN E. DARGIE and | ) |
| MICHELLE M. BEGLEY, | ) |
| | ) |
|    Defendants. | ) |

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS
(Dkt. No. 13)

ROBERTSON, U.S.M.J.

I.    Introduction

Plaintiff Kang Lu ("Plaintiff"), who is self-represented, brings this action against Ann E. Dargie ("Dargie") and Michelle M. Begley ("Begley") (collectively, "Defendants"), two attorneys who represented his wife, Cindy Shippee ("Shippee"), in child support and custody proceedings pending in the Probate and Family Court Department of the Massachusetts Trial Court, Hampden County ("Probate & Family Court"). Before the court is Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 13). The parties have consented to this court's jurisdiction (Dkt. No. 22). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons stated below, the court grants Defendants' motion to dismiss.

II.    Facts Drawn From the Amended Complaint and Related Documents
       Properly Before the Court.

"In ruling on a motion to dismiss, a court must accept as true all of the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (citing *Beddall v. State St.*

1

*Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998)).  Ordinarily, in ruling on a motion to dismiss, a district court may not rely on any document outside the four corners of the complaint unless the document is attached and incorporated therein.  *See id.*  "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claims; or for documents sufficiently referred to in the complaint.'"  *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).  *See also Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).

  As a preliminary matter, the court notes that Plaintiff contends in his opposition that Defendants have admitted certain facts by failing to contest them in an answer and has further requested, in a document captioned Request for Judicial Notice of Adjudicative Facts, that the court take judicial notice of facts that he apparently contends are established by a pleading he filed in the Probate & Family Court to which Shippee did not respond (Dkt. No. 20).  As to the former contention, as the court explained at the hearing on Defendants' motion to dismiss, in responding to the amended complaint, a defendant has a choice between filing an answer pursuant to Fed. R. Civ. P. 8(b) or, as one alternative, filing a motion to dismiss on the grounds that, assuming the factual allegations in the amended complaint to be true, the complaint nonetheless fails to state claims upon which relief could be granted.  Rule 12(b) provides that a Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Thus, Defendants had no obligation to admit or deny the allegations in the amended complaint before filing their motion to dismiss, and their failure to file a responsive pleading is not an admission of any fact alleged in the amended complaint.

  As to the latter contention, a court may take judicial notice of the existence of filings and decisions in cases in other courts, but "[t]aking judicial notice of a decision in another court … is

not the same as taking judicial notice of a fact within the decision." *Lopes v. Riendeau*, 177 F. Supp. 3d 634, 667 (D. Mass. 2016). A court may take judicial notice of an opinion or filing in a separate case pending in a different court for purposes of establishing the procedural history and status of that case but should not accept facts set forth in opinions or filings in the separate case for their truth. *See id.* Moreover, Plaintiff has not tendered a judicial decision as a basis for the facts he asks this court to accept as true. He has instead set forth alleged facts in a document he authored that, he asserts, Shippee has not contested. This is a far cry from identifying facts that are suitable for judicial notice. *See id.* (collecting cases).

Applying the principles set forth above, the court sets out the relevant factual and procedural background. Plaintiff and Shippee were married in 2006 and divorced in 2010 pursuant to a separation agreement that was approved and incorporated into a judgment of divorce by a court of law (Amended Complaint ("FAC") ¶ 8). The separation agreement included a provision in Article Two for a child support payment by Plaintiff to Shipee, that provided that "the husband will pay child support amount of $322.00 per week by suspended wage assignment directly to the wife until the child is emancipated as defined in MGL Ch. 208 sec. 28" (FAC ¶ 8; Dkt. No. 14-2 at 4). The agreement further provided, as to Articles One, Two (the child support provision), Three, and Four, that these articles would merge into the Judgment of Divorce, would not survive as a separate contract, and could be modified by the court if there was a significant change in circumstances (Dkt. No. 14-2 at 9).

Plaintiff alleges that a significant change of circumstances arose in November 2017, and, on this basis, he asked Shipee to agree to a modification of his child support obligation. Shipee ignored Plaintiff's overture (FAC ¶ 10). In February 2018, instead of resolving their differences by discussion, Shippee retained Begley to assist Shippee in collecting child support based on a

fabricated child support order through the Massachusetts Department of Revenue ("DOR"), an IV-D Agency (FAC ¶¶ 10, 11).[1] According to Plaintiff, Begley caused Shippee to misrepresent herself to the DOR as a recipient of public assistance so that the DOR would aid in the collection of child support (FAC ¶ 12). After Begley withdrew as Shippee's attorney on March 29, 2018, Shippee retained Dargie to represent her (FAC ¶¶ 14, 16). Dargie persisted in assisting Shipee to represent herself as a recipient of public assistance to enlist the DOR's assistance in collecting child support from Plaintiff (FAC ¶¶ 17-19).

### III.    Standard of Review

To survive a motion to dismiss, a "'complaint must contain enough factual material to raise a right to relief above the speculative level . . . and state a facially plausible legal claim.'" *Guerra-Delgado v. Popular, Inc.*, 774 F.3d 776, 780 (1st Cir. 2014) (alteration in original) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)). In resolving a motion to dismiss, the court employs a two-step approach. *See Medina-Velázquez v. Hernández-Gregorat*, 767 F.3d 103, 108 (1st Cir. 2014) (citing *Ocasio-Hernández*, 640 F.3d at 12).

> First, [the court] "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (internal quotation marks omitted). Second, [the court] "must determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks omitted).

*Medina-Velázquez*, 767 F.3d at 108. Federal Rule of Civil Procedure 12(b)(6) is a "proper vehicle for challenging claims based on … absolute … immunity." *Norris v. Moroney*, Civil

---

[1] An IV-D agency is a state agency that has the responsibility for administering or supervising a state's plan for child and spousal support under title IV-D of the Social Security Act. *See Dep't of Revenue Child Support Enf't v. Grullon*, 147 N.E. 3d 1066, 1070 (Mass. 2020) (citing 45 C.F.R. §§ 301.1, Mass. Gen. Laws. ch. 119A, §§ 1, 2(a)). The IV-D agency for Massachusetts is the Commonwealth's Department of Revenue. *See id.*

Action 1:22-cv-10660-IT, 2023 WL 5310902, at *5 (D. Mass. Aug. 17, 2023) (collecting cases in which appellate courts have affirmed Rule 12(b)(6) dismissals based on absolute or qualified immunity).  When, as here, a plaintiff is self-represented, the court must construe the complaint liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Nonetheless, the complaint of a self-represented plaintiff "'must [still] comply with procedural and substantive law,'" *Farr v. Mass. Dep't of Revenue (Child Support Div.)*, CIVIL ACTION NO. 24-40153-MRG, 2024 WL 5508610, at *1 (D. Mass. Dec. 20, 2024) (citation omitted), and must "present sufficient facts to state a viable claim." *Kerr v. City of Attleboro*, 757 F. Supp. 3d 145, 147 (D. Mass. 2024).

    IV.    <u>Analysis</u>

The FAC does not identify any specific cause of action asserted by Plaintiff.  At the hearing on Defendants' motion to dismiss, Plaintiff stated that he was bringing claims of fraud on the court and abuse of process and contended that Defendants' conduct had impeded his ability to obtain relief in the Probate & Family Court.  Accordingly, the court construes Plaintiff's amended complaint as asserting claims of fraud on the court and abuse of process and a federal claim that he has been denied access to the Probate & Family Court in violation of his constitutional right to due process.

    A.    The amended complaint does not state claims upon which Plaintiff can be granted relief.

        1.    Fraud on the Court.

Plaintiff alleges that Defendants committed fraud on the court by causing Shippee to misrepresent herself as a recipient of public assistance and that this conduct "set in motion an unconscionable scheme directed at the Court itself, calculated to interfere with the judicial system's ability impartially to adjudicate a matter, which, in fact, deceived the Hampden County

5

Probate and Family Court" (FAC ¶ 19). In his amended complaint and his opposition to the motion to dismiss, Plaintiff cites the case of *Sahin v. Sahin*, 758 N.E. 2d 132 (Mass. 2001), in which a wife filed a separate action some three years after a final divorce judgment entered, seeking relief pursuant to Mass. R. Civ. P. 60(b)(6), which sets forth "a comprehensive framework for obtaining relief from a final judgment or order …." *Id.* at 137. In *Sahin*, the plaintiff alleged fraud on the court based on her former husband's misrepresentations and omissions about the value of the company he owned and sought to set aside the final divorce judgment on this basis, invoking a narrow equitable exception authorizing a separate action for setting aside a judgment based on fraud. *See id.* at 140. The *Sahin* court held that the plaintiff had not shown that upholding the parties' divorce judgment "would be so contrary to the principles of equity as to tip what would otherwise be ordinary fraud into the special category that can invoke a court's inherent power to breach finality." *Id.* at 140.

"'A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.'" *Davidson v. Cao*, 211 F. Supp. 2d 264, 278 (D. Mass. 2002) (quoting *Aoude v. Mobil Oil Corporation*, 892 F.2d 1115, 1118 (1st Cir. 1989)). The *Sahin* case is inapposite because in the instant matter Plaintiff does not seek to set aside a judgment, nor does he seek relief from an order previously entered by *this* court. Instead, he seeks to assert a stand-alone claim in federal court alleging fraud in litigation that remains pending in the Probate & Family Court. However, "fraud on the court is not recognized as an independent cause of action in Massachusetts. Even [if] it were to be assumed that the . . . plaintiff[] could prove all of the improprieties and grievances [he]

6

allege[s], [he] nonetheless fail[s] to state a cognizable claim." *Nat'l Eng'g Serv. v. Galello*, No. CA9205303, 1995 WL 859241, at *2 (Mass. Super. Ct. May 9, 1995)); *see also Davidson*, 211 F. Supp. 2d at 276 (same). Under federal law, the result is the same because "[f]raud on the court is not a recognized independent cause of action in the First Circuit." *Shirokov v. Dunlap, Grubb & Weaver, PLLC*, Civil Action No. 10-12043-GAO, 2012 WL 1065578, at *30 (D. Mass. Mar. 27, 2012); *cf. Farris v. Burton*, Case No. 15-1286-EFM-GLR, 2016 WL 4015032, at *7 (D. Kan. July 27, 2006) (a federal court does not have jurisdiction to relieve a party of a judgment entered in a state court based on an allegation of fraud on the state court).

Plaintiff's invocation of the phrase "extrinsic fraud," supported by a citation to Wikipedia, adds nothing of legal significance to the mix (Dkt. No. 18 at 4). The term extrinsic fraud, to the extent it is recognized, applies to egregious matters such as bribery or bias of a presiding judicial officer as a basis for reviewing a judgment entered in a separate adjudicative event. *Cf. Durand v. Mass. Bay Commuter R.R. Co.*, Civil Action No. 13-11745-JLT, 2014 WL 12781151, at *2-3 (D. Mass. Mar. 26, 2014) (holding that the district court did not have jurisdiction to review the adverse decision by a Public Law Board because the plaintiff had not identified a basis for judicial review of the decision; discussing fraud or corruption as a basis for review). Plaintiff has not alleged fraudulent conduct such as bribery of the judicial officers presiding in the state court proceedings about which he complains, and the court is not required to accept his legal characterizations of Defendants' conduct as criminal or unethical. *See A.G. ex rel. Maddox*, 732 F.3d at 80. Further, Plaintiff has not pointed to any case in which the First Circuit has identified so-called extrinsic fraud as an exception to the general rule that a federal trial court lacks jurisdiction to vacate a state court judgment and should abstain from interfering in on-going proceedings pending in a state court, and the court is aware of none.

2. Abuse of Process.

"To establish a claim of abuse of process, a plaintiff must show (1) that 'process' was used against him, (2) for an 'ulterior or illegitimate purpose,' and (3) that some harm occurred as a result." *Kaiser v. Kirchick*, 662 F. Supp. 3d 76, 105 (D. Mass. 2023) (quoting *Psy-Ed Corp. v. Klein*, 947 N.E.2d 520, 534 (Mass. 2011)). "Abuse of process claims are limited to three types of process: writs of attachment, process used to institute a civil action, and process related to bringing criminal charges." *Id.* (citing *Jones v. Brockton Pub. Mkts., Inc.*, 340 N.E. 2d 484, 486 (Mass. 1975)).

The record before the court shows that Plaintiff has not alleged the elements of an abuse of process claim. First, Plaintiff has not alleged that the civil process used to institute Shippee's child support action in Probate & Family Court was filed for an ulterior or illegitimate purpose. According to the amended complaint, in or around November 2017, Plaintiff made a request for a change in his child support obligation to which Shippee did not respond (FAC ¶¶ 10-11). Instead, Shippee, represented by Begley, filed an action for modification on February 22, 2018 to collect child support (Dkt. No. 14-1 at 6; FAC ¶ 11). While Plaintiff has alleged that the application to the DOR for assistance was illegal, he has not alleged, nor can it be inferred based on his allegations, that Shippee's application to the DOR – aided by Defendants – was for any purpose other than collecting child support. The filing of an action for the collection of child support based on the terms of a separation agreement and a divorce judgment is not a use of process for an ulterior or illegitimate purpose. Moreover, the court is not required to accept Plaintiff's legal conclusion that it was illegal for Shippee to enlist the assistance of DOR to collect child support from Plaintiff. To the contrary, under Massachusetts law, DOR can provide child support services "to children and families whether or not they are the recipients of public

assistance to establish, modify, and enforce child support obligations." Mass, Gen. Laws ch. 119A, § 2(a). Plaintiff has not alleged that Defendants assisted Shippee's application for assistance to the DOR for an ulterior or illegitimate purpose unrelated to Shippee's desire to collect child support. Thus, even if Plaintiff has alleged that he was harmed, he has not alleged this second element of an abuse of process claim. *Kaiser*, 662 F. Supp. 3d at 105; *Millennium Equity Holdings, LLC v. Mahlowitz*, 925 N.E. 2d 513, 523-24 (Mass. 2010) (holding that a divorce attorney who obtained an attachment on real estate to protect his client's financial interest in property owned by her husband did not abuse process because the attorney initiated the real estate attachment to protect his client).

Second, to the extent Plaintiff relies on Shippee's application to the IV-D agency – DOR – for assistance in the collection of child support to allege abuse of process, he has not identified a type of process that can be a basis for an abuse of process claim under Massachusetts law. An application for assistance from the DOR is not process to initiate a civil or criminal action, nor is it an application for a writ of attachment. *See Kaiser*, 662 F. Supp. 3d at 106.

        3.        Due process denial of access to the courts.

It is not apparent from the face of the amended complaint that Plaintiff might be asserting a claim pursuant to 42 U.S.C § 1983 ("Section 1983") that Defendants' acts in enlisting the aid of DOR deprived him of a federal constitutional right of access to the courts. At the hearing, however, Plaintiff appeared to argue that Defendants' actions had denied him meaningful access to the Probate & Family Court. Out of caution, the court addresses the possibility that the amended complaint could, read generously, seek to state such a claim.

"'Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or federal law.'" *Santiago v.*

*Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) (quoting *Redondo-Borges v. U.S. Dep't of HUD*, 421 F.3d 1, 7 (1st Cir. 2005)). "A claim under [Section] 1983 has two 'essential elements':  the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008) (citing *Rodríguez-Cirilo v. García*, 115 F.3d 50, 52 (1st Cir. 1997)). Defendants were lawyers representing a private party in state court child support and modification proceedings. It is well-established that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986); *Thibeault v. Brown*, C.A. No. 12-10333-PBS, 2012 WL 1865834, at *3 (D. Mass. May 21, 2012) (stating that "courts have uniformly held that attorneys, whether appointed or retained, are not acting under the color of law for purposes of [Section] 1983 liability"). Plaintiff has not stated a Section 1983 claim of denial of access to the Probate & Family Court against Begley or Dargie.

For the reasons set forth above, the court concludes that Plaintiff's amended complaint fails to state claims upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, Defendants are entitled to dismissal of the amended complaint with prejudice on this basis.[2]

---

[2] Defendants contend that Plaintiff's claims are barred by the applicable statutes of limitations. The court agrees as to Plaintiff's claims against Begley, who represented Plaintiff for some three months in 2018. There are three-year statutes of limitations for tort claims, such as abuse of process, under Massachusetts law, *see, e.g., Abdallah v. Bain Capital LLC*, 880 F. Supp. 2d 190, 195 (D. Mass. 2012) (citing Mass. Gen. Laws ch. 260, § 2A; collecting cases), and a three-year statute of limitations for Section 1983 claims. *See, e.g., Williams v. City of Brockton*, 59 F. Supp. 3d 228, 240 (D. Mass. 2014). Plaintiff alleges that he was aware of Begley's actions in 2018 and informed her at that time that he believed her actions to be illegal (FAC ¶¶ 11-14). At the hearing on Defendants' motion to dismiss, Plaintiff argued that the statute of limitations had not run on Begley's actions because he continued to suffer new adverse consequences because of her actions. A claim, however, accrues when a plaintiff has reason to know of his injury. A plaintiff need not know the extent or severity of the harm suffered to trigger the statute of limitations. *See, e.g., Sampson v. Town of Salisbury*, 441 F. Supp. 2d 271, 275-76 (D. Mass. 2006). Plaintiff

B.  The litigation privilege prevents Plaintiff from asserting claims against Defendants.

Even if Plaintiff's amended complaint stated any cognizable claim against either defendant – which it does not – the litigation privilege would bar Plaintiff from pursuing such claims. Massachusetts law "precludes civil liability based on communications made by a party, witness, or attorney in connection with judicial proceedings or contemplated litigation." *Bassichis v. Flores*, 189 N.E.3d 640, 642 (Mass. 2022). In *Bassichis*, a case in which the plaintiff sought to hold the defendant attorney liable for his conduct while representing a party in divorce proceedings, the Massachusetts Supreme Judicial Court ("SJC") considered the scope of the litigation privilege as applied to a party, witness, or attorney in judicial proceedings. *Id.* The case required the Court to "determine whether the litigation privilege extends beyond communications made during the course of judicial proceedings to actions taken by the attorney" because the plaintiffs sought to hold the defendant attorney liable for orchestrating a scheme to defraud them. *Id.* at 651. Citing decisions by supreme courts in multiple states, the SJC held that "the litigation privilege applies to an attorney's actions during the course of a judicial proceeding, just as it does to the attorney's communications." *Id.* at 652. Moreover, the privilege applies "'regardless of malice, bad faith, or any nefarious motives on the part of the lawyer so long as the conduct complained of has some relation to the litigation.'" *Button v. Melcher*, 771 F. Supp. 3d 76, 79 (D. Mass. 2025), *appeal filed*, No. 25-1316 (1st Cir. Apr. 8, 2025) (quoting *Bassichis,* 189 N.E.3d at 646). Here, all of Defendants' conduct alleged in the amended complaint occurred during the litigation initiated to obtain child support payments for

---

filed the instant action in January 2025 (Dkt. No. 1). The statute of limitations bars any claims Plaintiff seeks to bring against Begley. As to Dargie, the court cannot discern from the record before it when Dargie is alleged to have engaged in conduct of which Plaintiff complains.

Shippee from Plaintiff, including by seeking assistance from the DOR.  Even assuming that Defendants encouraged Shippee to assert a position in court that was intentionally false – a contention that is inconsistent with Massachusetts law – they are shielded from liability to Plaintiff because all of the conduct of which he complains had a relation to the litigation (FAC ¶¶ 4, 5, 11-12, 15, 17-19).  *Id.* at 80.  Plaintiff's reliance on the SJC's statement in *Bassichis* that "the privilege does not shield attorneys from their own wrongdoing," *Bassichis*, 189 N.E.3d at 648, is misplaced.  This comment was a prelude to the SJC's observation that there "'are remedies other than a cause of action for damages that can be imposed' to discourage and sanction attorney misconduct" *id.* (quoting *Sims v. Seaman*, 69 A.3d 880, 887 (Conn. 2013)), including sanctions that may be imposed by a court for attorney misconduct or disciplinary action by the Board of Bar Overseers.  *See id.*  The statement did not preserve the right of an individual in Plaintiff's position to seek damages from attorneys who allegedly harmed him by their conduct in the course of litigation to which he was a party.  Even if Plaintiff's amended complaint stated any viable claim for relief, which it does not, those claims would be absolutely barred by the litigation privilege, which preempts "frivolous actions brought by disgruntled individuals in the wake of unfavorable judgments [and orders]." *Id.*  On this basis also, Defendants are entitled to dismissal of Plaintiff's amended complaint with prejudice.

    C.    Abstention.

Finally, even if Plaintiff's amended complaint stated viable claims that were not barred by the litigation privilege, which it does not, to the extent he raises a separation of powers challenge to the process by which child support obligations are enforced in Probate & Family Court proceedings, principles of abstention would require this court to refrain from exercising jurisdiction over Plaintiff's claims.  Plaintiff alleges that Defendants' conduct in enlisting the

DOR to collect child support from him deceived the presiding Probate & Family Court judge and caused him to violate the separation of powers doctrine when he ruled that Plaintiff had a child support obligation and made rulings to enforce it (FAC ¶¶ 20-26).  Plaintiff alleges that he has been damaged, *inter alia*, by being required to pay child support and losing the use of his personal automobile (FAC ¶ 28 a., e.).  He seeks to recover compensatory and punitive damages jointly and severally from Defendants for these injuries (FAC ¶ 29).

While Plaintiff states that his amended complaint should not be construed as a request to review, or a challenge to, orders of the Probate & Family Court and represents that he does not allege any injury or violation of a federal or due process right caused by the state court or any agency, "it is difficult to imagine how the [c]ourt could rule in Plaintiff's favor without finding that the Massachusetts Probate and Family Court's issuance of . . . [orders related to child support] was 'not authorized' or 'illegal,'" *Speight v. Kaelblein*, No. 24-cv-12363-PBS, 2025 WL 1824768, at *7 (D. Mass. May 16, 2025), or unconstitutional.  In considering whether abstention is appropriate, the First Circuit has instructed district courts to "look to the reality of what is really going on." *Irish v. Irish*, 842 F.3d 736, 742 (1st Cir. 2016).  While Plaintiff seeks damages as a remedy, he is in effect challenging the process by which the Commonwealth of Massachusetts satisfies federal law and enforces child support obligations in proceedings in the Probate & Family Court.  *See Gray-Bey v. 42 U.S. Code 654(3) Mass. Dep't of Revenue Child Support Enf't Div.*, Civil Action No. 20-12042-DJC, 2021 WL 8323638, at *3 (D. Mass. Mar. 17, 2021).  This conclusion is supported by Plaintiff's opposition to Defendants' motion to dismiss, in which he argues that he is entitled to relief because Defendants' false claim that there was a child support order and the illegal application they persuaded Shippee to submit to the DOR

caused her to convert their private dispute into a matter implicating the public welfare laws (Dkt. No. 18 at 9).

*Younger* "[a]bstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007) (citing *Brooks v. N.H. Sup. Ct.*, 80 F.3d 633, 638 (1st Cir. 1996); *Bettencourt v. Bd. of Registration in Med.*, 904 F.2d 772, 777 (1st Cir. 1990)). The court acknowledges that *Younger* abstention "is most commonly applied to suits seeking injunctive or declaratory relief …," *id.* at 34 (citing *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 70 (1st Cir. 2005)), which this is not. The First Circuit, however, "has determined that *Younger* can in fact be applicable to damages actions in appropriate cases." *Id.* at 37 (citing *Bettencourt*, 904 F.2d at 777; *Landrigan v. City of Warwick*, 628 F.2d 736, 743 (1st Cir. 1980); *Guerro v. Mulhearn*, 498 F.2d 1249, 1251, 1253-54 (1st Cir. 1974)).

As to the first element, so far as the court is able to determine from the docket, there are on-going proceedings related to child support and modification pending in the Probate & Family Court (Dkt. No. 14-6). As to the second element, the court has no doubt that Plaintiff's claims, as he has framed them, implicate an important state interest. The Commonwealth is required under federal law to have an effective ID-V agency to assist in the enforcement of child support obligations; his claims challenge the DOR's role as the Commonwealth's ID-V agency. *See id.* at 35-36 (the states have important interests in administering certain aspects of their judicial systems). A Section 1983 "damages award may interfere with a state proceeding because it can have the same practical effect as a declaratory judgment: the federal court has produced a ruling on the merits that the federal plaintiff can then use to alter the state proceeding." *Id.* at 37. If

this court were to rule that Plaintiff was entitled to a damages award against Defendants, there would be little difference between that ruling and a ruling that the DOR was precluded from assisting individuals in Shippee's position with the collection of child support obligations, a conclusion that would have a substantial impact on proceedings between Shippee and Plaintiff and beyond. As to the third element, Plaintiff has not alleged, and the court has no reason to believe, that Plaintiff has been precluded from raising his arguments about the alleged illegality of Defendants' conduct in the pending Probate & Family Court proceedings, although those arguments presumably have not gained traction.

Thus, because "Plaintiff's claims relate to aspects of the Massachusetts Probate and Family Court action that are ongoing, the [c]ourt should decline to interfere under the abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971)." *Speight*, 2025 WL 1824768, at *9.[3]

IV. Conclusion

For the forgoing reasons, Defendants' Motion to Dismiss (Dkt. No. 13) is GRANTED. Plaintiff's amended complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted and because Plaintiffs' claims are barred by the absolute litigation privilege. To the extent dismissal is pursuant to *Younger* abstention, the dismissal would be without prejudice. *See Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 32 n.4 (1st Cir. 2004). The Clerk is directed to close the case.

It is so ordered.

---

[3] On the record before it, the court is not persuaded that the *Rooker-Feldman* doctrine applies to preclude federal jurisdiction here. The *Rooker-Feldman* doctrine applies when the injury of which a plaintiff complains is caused by a final state court judgment because "'only the United States Supreme Court has jurisdiction to correct state court judgments.'" *Speight*, 2025 WL 1824768, at *9 (quoting *Pierre v. Cristello*, CIVIL ACTION NO. 17-cv-30105-KAR, 2017 WL 4768006, at *2 (D. Mass. Oct. 3, 2017)). It is not clear to this court that a final judgment has entered in state court proceedings between Plaintiff and Shippee.

Dated: September 2, 2025                           <u>Katherine A. Robertson</u>
                                                   KATHERINE A. ROBERTSON
                                                   U.S. MAGISTRATE JUDGE